V. H. Gibson *et al.*

*v.*

The Safety Homestead and Loan Association.

*Opinion filed November 8, 1897—Rehearing denied December 14, 1897.*

1. Loan associations—*members withdrawing from insolvent association not entitled to priority.* Members giving notice of withdrawal from an insolvent loan association are not entitled to priority of payment over fellow-members.

2. Same—*holders of paid-up stock cannot seek advantage by repudiating its validity.* Holders of paid-up stock in an insolvent loan association are estopped, by participation in the transaction, to repudiate

the validity of their stock, and seek a preference as creditors of the association to the extent of the money paid therefor.

3. SAME—*holders of paid-up stock not entitled to be charged with dues and preferred as to excess.* Holders of paid-up stock in an insolvent loan association are not entitled to be charged with monthly dues upon the stock from the time of its issue, so as to place themselves, as to that amount, upon equal footing with other stockholders, and as to the excess be declared preferred creditors and paid in full.

*Gibson* v. *Safety Homestead and Loan Ass.* 69 Ill. App. 485, affirmed.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on writ of error to the Circuit Court of Montgomery county; the Hon. JAMES A. CREIGHTON, Judge, presiding.

HOWETT & JETT, and JAMES M. TRUITT, for plaintiffs in error.

LANE & COOPER, for defendant in error.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This is an appeal from a judgment of the Appellate Court for the Third District confirming an order of distribution in the circuit court of Montgomery county in the matter of the Safety Homestead and Loan Association. The order of the circuit court is as follows:

"The court, finding from reports of John J. McLean, receiver, that there is sufficient money in the receiver's hands to pay a dividend of twenty-five per cent to shareholders and still leave enough money in the receiver's hands to pay taxes and other expenses of administration of the said estate, orders, adjudges and decrees that the receiver pay a dividend of twenty-five per cent to all shareholders of said association in the following manner: First, receiver is ordered to pay, from any money in his hands as receiver, a dividend of twenty-five per cent among all shareholders, irrespective of withdrawals or of paid-up stock, as follows: The principal sum upon which dividends shall be paid to holders of common stock shall be the total amount of monthly installments paid by the

several shareholders of such stock, with six per cent interest on the several installments, computed according to the average time of monthly payments from date of payment to April 23, 1895; second, the principal sum on which dividends shall be paid shareholders of paid-up stock shall be the total amount paid by the several shareholders of such stock, with six per cent interest from date association failed to pay six per cent interest on said stock to April 23, 1895; third, borrowing shareholders shall be credited with amount of dividends payable on their shares when they pay off their loan to said receiver, but the credit shall be as of the date when dividends are paid to non-borrowing shareholders; fourth, receiver shall only pay dividends to persons by stock books, as owners of stock on which dividends are paid; fifth, dividends shall only be paid upon presentation of certificates of shares to receiver at time dividends are paid, for endorsement or credit thereon of amount paid."

Two objections are urged against this order: First, that it gives stockholders who had served notice of withdrawal upon the association no preference or advantage over stockholders who had not given such notice; and second, that it treats those who are called "paid-up stockholders" the same as all others.

It is not denied, but fully appears from the record, that at the time notice of withdrawal was given by the stockholders now claiming the benefit of such notice the association was insolvent. The decree of the circuit court very properly gave such stockholders no advantage over the common stockholders. Notice of withdrawal from an insolvent society does not entitle members to priority of payment over their fellow-stockholders. Endlich on Building Associations, (2d ed.) sec. 108; *Chapman* v. *Young,* 65 Ill. App. 131, and cases cited.

The second point is a novel one. It seems that the association issued to certain persons what is called "paid-up stock." The form of the certificate is as follows:

"This is to certify that............of...........is the owner of....shares of the......series, dated.........., of the prepaid capital stock of the Safety Homestead and Loan Association of East St. Louis, Ill., having therefor paid the sum of $50 per share in advance, transferable only on the books of the association in person or by attorney upon surrender of this certificate, and is entitled to the dividends and is subject to the conditions printed on the back of this certificate and the constitution and by-laws of the association."

The certificate bore the following endorsement: "The stock represented by this certificate is entitled to semi-annual dividend of three per cent on amount paid therefor, which will be deducted from profits earned on stock, balance being credited on stock represented by this certificate. When amount to credit of stock equals $100 per share, stock is matured, and holder may withdraw same by surrender of this certificate, properly endorsed, and receive $100 per share therefor. Holder may surrender stock by giving thirty days' notice any time after one year, and receive full amount paid and portion of profits equal to earned and unpaid dividends thereon. Board of directors reserve right to call in, cancel and pay off certificates any time by giving person to whom issued thirty days' notice by mail, at post last known, and by paying him withdrawal value. After expiration of such notice stock represented by this certificate will not be entitled to further dividends, whether presented for redemption or not."

Each of these certificates was issued upon the payment to the association of $50. The holders now say that the association had no authority, under the law, to issue them. In other words, they contend that a building and loan association, under the statute of this State, cannot lawfully issue paid-up stock; and from that premise they conclude that they themselves may repudiate the validity of the stock, and to the extent of the money paid therefor they should be treated as preferred creditors of the association. If it be true that the association

had no authority of law to issue the stock it is equally true that the holders of that stock had no right or authority of law to accept it, and if they were claiming any benefit therefrom, other stockholders might, with propriety, question the legality of the transaction. But the holders of that stock are in the anomalous position of themselves repudiating its validity, and thereby seek to obtain an advantage over those who are legal stockholders of the association. It seems to us unreasonable to say that these stockholders may be allowed to assert the illegality of the action of the building association to which they themselves were parties, and at the same time, by reason of that illegality, place themselves in a better position than they would have been had their stock been valid. They bought paid-up stock and paid for it. No one is questioning their right to the benefit of that stock, and clearly they cannot be heard to do so.

In case the whole of this paid-up stock shall not be considered as a preferred indebtedness, plaintiffs in error ask the court to hold that the holders thereof be charged with monthly dues on the amount of their stock from its date, so that they may be placed upon an equal footing with other stockholders as to that part, and as to any excess they be declared creditors of the association and paid in full. In other words, their contention is, that if the whole of their stock cannot be paid in full as a preferred indebtedness, part of it may be. Certainly no good reason appears why the holders of paid-up stock should be entitled to any more advantage as to this excess than they would be as to the whole of the stock.

The judgment of the Appellate Court affirming the decree of the circuit court will be affirmed.

*Judgment affirmed.*

Mr. JUSTICE BOGGS, having passed upon this case in the Appellate Court for the Third District, took no part in the decision of the case in this court.