## Frank Musial v. Kosciuszko Building & Loan Association.

1. BUILDING AND LOAN ASSOCIATIONS—*Judgments in Favor of Withdrawing Stockholders.*—The collection of a judgment against a building and loan association in favor of a withdrawing stockholder may be controlled by a court of equity, and may be stayed permanently where it turns out that the association was insolvent at the time of withdrawal, because such a stockholder is not entitled to priority of payment over his fellow stockholders.

2. SAME—*When the Association May Invoke the Aid of a Court of Equity.*—The attempt to collect such a judgment against a building and loan association by levy and sale is an injury to the body corporate as well as to the stockholders, and the corporation may invoke the protection of a court of equity.

3. SAME—*Are Trustees for the Stockholders.*—A building and loan association is the trustee and representative of all its stockholders, and is bound to protect them against withdrawing members seeking a priority to which they are not entitled.

4. SAME—*Withdrawing Members—Not Required to Show Solvency.*—As the solvency of the association is not required, under the statute, to be proved by the plaintiff suing at law as a withdrawing member, in order to make out a *prima facie* case, it is not the duty of the association to interpose the defense of insolvency at least unless it appears that such insolvency not only existed but was then known or should have been known to exist by the association and its officers.

5. PARTIES—*In Equity Proceedings.*—It is an elementary rule that in equity proceedings all persons whose rights may be injuriously affected by the proposed decree are to be made parties.

6. RES ADJUDICATA—*As to Insolvency.*—A judgment at law against a building and loan association establishes no presumption "*res adjudicata*" in respect to the solvency of such association.

**Appeal from an Interlocutory Order** granting an injunction. Entered by the Circuit Court of Cook County; the Hon. EDMUND W. BURKE, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1898. Affirmed. Mr. Justice HORTON not concurring. Opinion filed November 18, 1898. Rehearing denied February 27, 1899.

This is an appeal from an interlocutory order granting an injunction.

The bill avers that appellant brought a suit at law as a withdrawing member of the association, under a notice of withdrawal said to have been served in April, 1897, and recovered judgment; that the first execution was returned

unsatisfied and an alias placed in the hands of the sheriff to restrain the levy of which the bill is exhibited.

, The bill further states that the association was insolvent on the 11th day of April, 1897, the date when notice of withdrawal is alleged to have been served, and had been so insolvent continuously for a year prior thereto; that January 18, 1898, being so insolvent and unable to transact business, a general meeting of stockholders was held, and it was then and there determined to go into voluntary liquidation, pursuant to the statute, and distribute the assets among the members; that pursuant to such resolution, trustees have been appointed by complainant, who have not qualified, although about to do so.

It is stated that appellant, by reason of such insolvency of the association at the time of the alleged service of notice of withdrawal and since, is only entitled to his *pro rata* share or percentage of the assets in payment of his claim, which will be less than its amount.    The bill prays that appellant be allowed his just proportion only of the assets, and for an injunction to restrain levy of appellant's execution.    A demurrer was filed.

MOSES, ROSENTHAL & KENNEDY, attorneys for appellant.

JULIUS F. SMIETANKA and J. WARREN PEASE, attorneys for appellee.

Judgment being obtained against a building association, it does not, however, necessarily follow that execution may issue at once.    The fact that the claimant has obtained judgment ascertaining the amount of his claim does not alter the character of the same nor the character in which he holds it.    Endlich on Building Associations, Par. 110.

But the court has the power, and the building association has the right to invoke that power, of restraining immediate issuing of execution against the building associations for the collections of the judgment, when proper equities are shown by the society, either temporarily, in order to give it a reasonable time to make up the money without

undue embarrassment of its affairs, or permanently, where it turns out that the association was insolvent at the time of actual withdrawal. Endlich on Building Associations, Par. 112.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

An injunction was granted restraining the levy of the execution, according to the prayer of the bill. Appellant seeks to set aside this order, and urges as ground for reversal that the matters sought to be adjudicated by the bill were determined against the association in the action at law when judgment was recovered, and that the association was negligent in not setting up its defense then; that the association has been guilty of *laches*, and that it is not the proper party to maintain the bill.

The statute provides that any member may withdraw the dues paid on his shares of stock, provided " that at no time shall more than one-half of the funds in the treasury of the association be applicable to the demands of withdrawing members or the payment of matured shares without the consent of the board of directors."

It has been held that the withdrawing member can not maintain his action until funds are in the treasury applicable to the payment of the claim. Englehardt v. Fifth Ward Loan Association, 148 N. Y. 281; Heinbokel v. National Savings, Loan & Bldg. Ass'n, 58 Minn. 340.

In the last mentioned case the court states the question thus: " Can a non-borrowing member of a mutual building association, who has brought himself within the rules by notice of withdrawal, be permitted to bring an action and take judgment against the association, when, by reason of the statute and the by-laws, there is no money in the treasury legally applicable to the payment of his claim ?" And it is said that " until there is money available for the purpose, no cause of action exists;" that a withdrawing stockholder " can not properly be regarded as having the rights of the ordinary creditor."

Appellant contends that proof of the existence of the facts required by the statutory proviso is a necessary prerequisite to recovery by the plaintiff; that it must therefore be presumed, when a judgment is rendered against an association in favor of a withdrawing member, that such facts were alleged and proved, and the court found accordingly in rendering judgment; and, hence, the judgment is entitled to preference.

But in this State the requirements of the statute are, notice of intention to withdraw, and funds in the treasury, half of which can be thus applied. The bill in this case alleges that the association was insolvent at the time of the notice of withdrawal and has been ever since. We agree with appellee that the solvency of the association is not required to be proved in the first instance, under the statute, by the plaintiff suing to recover as a withdrawing member in a suit at law, and the judgment establishes no presumption in this respect.

It has been expressly held in this State that "though judgments may be obtained against the association by members upon notice of intention to withdraw, yet the collection of such judgments may be controlled by courts of equity. Upon this point it is said in Endlich on Building Associations, Sec. 112: 'The execution may be stayed temporarily if proper equities are shown, or permanently where it turns out the association was insolvent at the time of the actual withdrawal.'" Chapman v. Young, 65 Ill. App. 131.

The association in the present case appears, from the bill, to have been thus insolvent at the time of the withdrawal, and, according to the authority last referred to, the execution against it may be permanently stayed.

In Gibson v. Safety Homestead Association, 170 Ill. 44, it is said that "notice of withdrawal from an insolvent society does not entitle members to priority of payment over their fellow stockholders."

It is contended, however, that the association can not avail itself of these equities and invoke the aid of the court to enforce them; that the stockholders themselves are the proper parties to complain, if any one may.

In Endlich on Building Associations, Sec. 138, page 176, it is said:

"But the court has the power, and the building association has the right to invoke that power, of restraining the immediate issuing of execution against the building association for the collection of the judgment, when proper equities are shown by the society, in order to give it a reasonable time to make up the money without undue embarrassment of its affairs."

In the present case the bill is presented in the name of the corporation, and it states that trustees have been appointed pursuant to law, who had not yet qualified (Rev. Stat., Chap. 32, Sec. 91 M). Such trustees are designated in the next section of the statute (91 N) as a "special committee," appointed by the stockholders for carrying out the resolution providing for voluntary liquidation, and it seems to be supposed that the bill should have been brought by them when qualified. If we concede this for the sake of the argument, yet the delay for the trustees to qualify might have enabled the mischief to be done which the bill seeks to prevent.

In Hersey v. Veazie, 24 Maine, 9, a case where a bill was brought by certain stockholders to recover against an agent of the corporation, it is said:

"The court could not rightfully assume the control of the corporation and exercise its rights in this respect without its being a party to the suit, and having an opportunity to justify its own course of proceeding.. * * * And until it has been shown to have been incapable of doing it, or to have been faulty, no corporator can assume its right to obtain redress for such wrongs, and to settle for them with the person who has committed them."

In Angell & Ames on Corporations, Sec. 370, it is said:

"It is indeed now, as it has ever been, perfectly well established that corporations, whether public or private, may commence and prosecute all actions upon all promises and obligations, implied as well as expressed, made to them, which fall within the scope of their design, and the authority conferred upon them. The suit must generally be brought in the corporate name. * * * It is equally well settled that corporations may sustain actions for all injuries done to the body corporate; as if an injury is done

to one of the members by which the body at large is put to any damage, it may sue on that account."

A suit in equity against officers or agents of the company may be brought by and in the name of the corporation, although, as a court of equity never permits a wrong to go unredressed merely for the sake of form, if the officers of the corporation should refuse to prosecute, the stockholders may in that case sue, making the corporation a party defendant. Angell & Ames, Sec. 312.

The same reasoning is, we think, applicable in the present case. Inasmuch as the collection of a judgment in favor of a withdrawing stockholder may be controlled by a court of equity, and may be stayed permanently where it turns out that the association was insolvent at the time of withdrawal, because such a stockholder is not entitled to priority of payment over his fellow-stockholders, the attempt to collect such a judgment by levy and sale is an injury to the body corporate, as well as to the stockholders, and the corporation itself may invoke the protection of a court of equity. "It is an elementary rule that, in equity proceedings, all persons whose rights may be injuriously affected by the proposed decree should be made parties." Campbell v. Morgan, 4 Ill. App. 100–104.

The object of the proposed levy and sale would be to appropriate property of the corporation to satisfy the judgment. The corporation is the trustee, the guardian and representative of all its stockholders, and is bound to protect them against any withdrawing member seeking a priority to which he is not entitled.

We do not regard the alleged delay in filing the bill as *laches*. It does not appear that appellant has been prejudiced in any manner by the delay, and no necessity existed for asking the protection of equity so long as appellant made no effort to use his judgment for the purpose of securing a priority to which he is not entitled.

The order of the Circuit Court is affirmed.

MR. JUSTICE HORTON.

I can not concur in the decision of the court in this case,

in so far as it sustains the right of a corporation, as such, to maintain a bill in chancery like the one filed in this case, in its corporate name for its own benefit. And this is especially so where, as in this case, all the necessary steps and. proceedings had been taken by the stockholders whereby the corporation had entered into voluntary liquidation, and trustees had been duly elected for that purpose as provided by statute.

MR. PRESIDING JUSTICE FREEMAN, on petition for rehearing.

We are strongly urged in the petition for rehearing, filed herein, to reconsider this case upon the ground that "it was the duty of the defendant to bring forward all its defenses," including insolvency, in the suit at law, where the appellant recovered his judgment against the association.

It may be conceded that, as claimed by counsel, the association, after such judgment, was " estopped to use anything against the judgment which it was its duty to have brought forward as a defense, and which was then or could then have been adjudicated."

The facts required by the statute, namely, notice of intention to withdraw, and funds in the treasury available for the purpose, must be presumed to have been found in favor of appellant when the judgment was rendered. But, unless the officers of the association knew, or had reason to know at that time, that it was insolvent, it could not properly set up such a defense. It is conceded by appellant's counsel that " if the association had, since the judgment, become insolvent, then, perhaps, another question would have arisen." If the knowledge of insolvency was acquired only since the judgment, the situation is practically the same.

The bill in this case alleges ownership by the association of real estate. Building associations are organized to make loans to their members, which are generally secured upon real estate. They may acquire title by foreclosure, and may be frequently compelled to take property upon which loans have been made. In times when land values are declining, they may be compelled to acquire real estate to

such an extent that a large part of their assets are tied up in land for the time unsalable, and, if compelled to realize, they may thus be found insolvent.   The knowledge of such insolvency would only exist, perhaps, when the effort to realize on such assets becomes a necessity.   If not compelled to force its property on the market at a sacrifice while the depression in values continues, such an association might, finally, be able to pay all its debts.  If sued by a withdrawing stockholder before it has been compelled to make an effort to realize, the association could not, in all probability, prove insolvency, although it is subsequently ascertained that such insolvency did then in fact exist.

We hold, therefore, to the view already expressed, that as the solvency of the association is not required, under the statute, to be proved by the plaintiff suing at law as a withdrawing member, in order to make out a *prima facie* case, it was not the duty of the association to interpose in such suit the defense of insolvency—at least unless it should appear that such insolvency not only existed but was then known or should have been known, to exist by the association and its officers; and that the judgment at law establishes no presumption "*res adjudicata*" in respect to solvency.

It is true, as urged, that the bill is not as full in its allegations as might be desired.   We think, however, that the averments are sufficient to justify the interlocutory order granting the injunction, and that is the question presented on this appeal.   Further than this we express no opinion.

The petition for rehearing is denied.