[Walker v. Terry.]

# Walker *v.* Terry.

*Petition for Intervention in Chancery Suit.*

1. *Petition by stockholder in building and loan association to be declared a creditor of the association; rights thereunder.*— Where a building and loan association has failed to fulfill the object of its creation and has become insolvent, after the expenses incident to the administration of its assets are paid, the general creditors, if any, should be first paid in full, and the residue of the funds should be distributed *pro rata* among those whose claims are based upon stock of the association, whether they have withdrawn and hold orders for the withdrawal value thereof or not; and the fact that one of the stockholders of such association holds the association's certificate of withdrawal showing that he was entitled to a certain amount, does not give him the right to be declared a creditor of the association.

APPEAL from the Chancery Court of Jefferson.

Heard before the Hon. JOHN C. CARMICHAEL.

The proceedings in this case were had upon a petition filed by the appellant, P. C. Walker, in which he sought to intervene in a suit pending in the Chancery Court of Jefferson county, and prayed that he should be declared, by a decree of said court, to be a creditor and stockholder of the National Guaranty, Loan & Trust Company, which was a corporation organized under the building and loan association laws of the state. The facts averred in said petition are sufficiently shown in the opinion.

The receiver, who had been previously appointed in a pending suit against the said National Guaranty, Loan & Trust Company, demurred to the petition, upon the ground that it was shown in said petition that the petitioner was and is a stockholder of the association and never became a general creditor, and is, therefore, only entitled to his *pro rata* share of the assets after the debts are paid.

[Walker v. Terry.]

Upon the submission of the petition and the demurrer the court rendered a decree sustaining the demurrer, and the petitioner declining to amend his petition, the same was dismissed. From this decree the petitioner appeals, and assigns the rendition thereof as error.

A. O. LANE, FRANK S. WHITE and JAMES E. WEBB, for appellant.—Under appellant's contract made with said loan company, he had a right at any time before the insolvency of the company was known, to file his certificate of stock for withdrawal, and to withdraw the same; and that upon his doing so, his right was perfected within thirty days thereafter; and that upon the expiration of said thirty days he ceased to be a stockholder and became a creditor to the amount of the withdrawal value of his stock.—2 Endlich on Building & Loan Associations, (2d ed.), §§ 108, 110, 111, 114, 115; *McKinney v. Diamond St. L. Asso.*, 18 Atl. Rep. 905; *Silverman's Case*, 85 Pa. Rep. 394; *Hartford Conn. Case*, 128 Mass. 494. See also *Englehart v. Fifth Ward Asso.*, 25 N. Y. Sup. 835; *In re Sunderland Building*, 24 So. Rep. 394; *Kemp v. Wright*, 2 Chancery, 462; *Johnson v. Nat. B. Asso.*, 125 Ala. 495; *Hoyt v. Association*, 60 N. W. Rep. 678.

W. K. TERRY, *contra*.—There is no dispute that in a going Building and Loan Association, a stockholder who has filed his application for withdrawal, and perfected the same as the rules of the company provide, as between himself and the company, is a creditor.

When the company is insolvent and cannot carry out its plan, he cannot become a creditor in the sense of a outside creditor, by filing his application for withdrawal.—Endlich on B. & L. Asso., § 514; *Christian's App.*, 102 Pa. St., 184; *Gibson v. Safety, etc., Asso.*, 69 Ill. App. 485; *Steinberger v. Independent Asso.*, 69 N. W. (Minn.) 889; *Eversman v. Schmitt*, 53 Ohio St. 174; *Pott v. B. & L. Asso.*, 97 Tenn. 408; 37 S. W. 216.

TYSON, J.—This appeal is prosecuted from an order dismissing the petition of appellant, filed for the purpose of having him declared a creditor in the distribu-

tion of the assets of an insolvent building and loan association, to the end of giving him priority over other stockholders.

It appears from the record that the suit in which this petition was filed, was instituted by a stockholder of the association on the 8th day of April, 1899. Its purpose was to wind up the association and to distribute its assets among those entitled to them. It is shown by the bill that the association, long prior to its filing, was insolvent and that its officers had improperly administered its affairs. A receiver was asked for and was appointed on the 21st day of June, 1899.

Petitioner predicates his priority of right to be paid out of the assets of the association, being administered by the court through its receiver, upon the following facts: That prior to the 23d day of March, 1899, he was the owner of thirty shares of stock (class "A") in said association; that under its by-laws, he had a right to withdraw his stock and become entitled, within thirty days from his application for withdrawal, to be paid such sum as the accumulation and the condition of the company warranted; that on the 23d day of March, 1899, the association issued to him a certificate showing that the was entitled to receive the sum of ($600.00) six hundred dollars, after making all proper deductions when his application should be reached in the regular order of paying withdrawals.

It is averred in the petition that notwithstanding his application for withdrawal and notwithstanding his request to the association that he be paid the amount due him upon his application and after complying with the requirements and regulations of said company, he has never been paid anything; that by reason of said application and by-laws he became a creditor of said association and was entitled to his money within thirty days after the 23d of February, 1899, at which time the association was a going concern and that he had no notice of its insolvency, if it was insolvent.

Upon the question thus presented there is an unreconcilable conflict among the courts. Some of the Eng-

lish and a few of the American courts, seem to sustain the right attempted to be enforced by this petition. But the great weight of authority in America is clearly opposed to it and follows the rule laid down by Mr. Endlich that "there is nothing in the mere fact that one has given a certain number of days' notice that he wants his money, whereby he is, *ipso facto*, invested with an equity to receive it superior to that of one who has not given such notice. There is, therefore, nothing to counterbalance, much less to outweigh, the inequitableness of permitting him to take the fund belonging to his fellows in order to pay himself. The true rule upon this subject is undoubtedly that laid down by the Supreme Court of Pennsylvania: 'When a building association has failed to fulfill the object of its creation and has become hopelessly insolvent, * * * after expenses incident to the administration of its assets are deducted, the general creditors, if any, should be first paid in full, and the residue of the fund should be distributed *pro rata* among those whose claims are based upon stock of the association, whether they have withdrawn and hold orders for the withdrawal value thereof, or not. Both classes are equally meritorious, and in marshalling the assets neither is entitled to priority over the other. The claims of each are alike based upon their relation to the association as members thereof.' It is but a logical carrying out of this principle, that, in cases of insolvency of associations in which a question of distribution can arise between holders of matured and holders of unmatured stock,—*c. g.*, in a serial association,—no preference is to be accorded to the former, but both classes are to share *pro rata* in what is left after satisfying outside creditors, other preferred claimants being out of the way. In short, the order prescribed by the by-laws of a building association for the payment of money out of its treasury to the different classes of holders of ordinary stock in the regular course of its business, does not apply to the distribution of its assets when insolvent; and neither would that order apply, in such cases, to the payment of different individuals in the same class of preferred stock. The basis of the distribution, in such cases, is not the

rule of the association expressed in its by-laws, standing alone, but the supreme rule of equality and mutuality, and the controlling inquiry is the amount paid in by the member, not the date of the issue of his stock nor that of its maturity or of any notice to withdraw. Wherever, therefore, a member appears as a claimant upon the estate of an insolvent building association, upon the ground of his stock-interest, he is to be treated as a member and not as a creditor."—Endlich on Building Associations, §§ 514 and 515; *Appeal of Christian,* 102 Pa. St. 184; *Gibson v. Safety Homestead & Asso.,* 170 Ill. 44; *Reddie v. U. S. Building Ass'n,* 106 Ky. 94; *Post v. B. & L. Assn.* 97 Tenn. 408; *Hohenshell v. Home Sav. & L. Assn.* 140 Mo. 566; *Rabbitt v. Wilcox,* 72 N. W. Rep. (Iowa) 306; *Coltrane v. Baltimore B. & L. Assn.* 110 Fed. Rep. 272, and cases therein cited.

After an examination of the cases cited on both sides of the question, we are clearly of the opinion that the principle above declared is the correct one, and, therefore, adopt it. Any other leads to endless confusion, illogical results and inequality towards the members of the association. For after all, it is by right of membership, and not in any other, that a member who has applied for a withdrawal is entitled to participate in the distribution of the assets of the insolvent association. The decree dismissing the petition must be affirmed.

Affirmed.