176·So. 368

## CLARDY v. JEFFERSON COUNTY BUILD-ING & LOAN ASS'N.

### 6 Div. 56.

Supreme Court of Alabama.

Oct. 7, 1937.

Rehearing Denied Oct. 28, 1937.

Wilkinson & Wilkinson, of Birmingham, for appellant.

W. H. Woolverton, of Birmingham, for appellee.

·BOULDIN, Justice.

Bill in equity by borrowing member of a building and loan association to satisfy mortgage debt by set-off of par value. of withdrawable stock held by mortgagor.

The cause was heard on agreed statement of facts. Complainant appeals from final decree denying relief.

The controlling facts are these:

In 1927, complainant, T. V. Clardy, subscribed for 50 real estate loan shares in Jefferson County Building & Loan Association, of the par value of $50 each, and obtained a loan of $2,500, secured by real estate mortgage.

The dues, premiums, and interest charges were met according to contract, including an extension agreement in 1933, reducing the mortgage debt to the sum of $1,002 at the .date of filing the bill, January, 1937.

Subsequent to December, 1935, and prior to the filing of this suit, complainant purchased from Mrs. Ava West 22 shares of "Fully Paid Six Per Cent Stock" in the association. The certificates of stock is-

sued to Mrs. West in 1927 and 1929, recited they were "fully paid," "subject to the rules and by laws of the Association. This stock cost $50.00 per share, and is subject to withdrawal On Demand. It pays dividends at the rate of six per cent, per annum, payable semi-annually, January 1st and July 1st. This interest is guaranteed and this stock does not participate in any additional profits."

Complainant, after acquiring this withdrawable stock, of the par value of $1,100, tendered same to the association in satisfaction of, or to be credited on, the mortgage debt, with offer to pay any balance in cash. The association refused to allow such set-off, and enter such credit.

At the time Mrs. West acquired her stock article 6, section 4, of the by-laws of the association provided: "The Association reserves the right to require sixty (60) days' notice of withdrawal of any stock, as a measure in the interest of all the stockholders in time of panic or unrest; nor shall the Association be bound to pay off stock presented for withdrawal at the rate in excess of its receipts; but in such event, stock presented for withdrawal shall be paid off in the order of the notices given."

In 1931, this section was amended at an annual stockholders' meeting to read: "The Association reserves the right to require sixty (60) days' notice of withdrawal of any stock, as a measure in the interest of all the Stockholders in time of panic or unrest. In case the funds of the Association applicable to withdrawals shall not be sufficient to pay off all members desiring to withdraw, such members shall be paid off in the order in which they file with the Association their notices of their respective desires to withdraw; such notices shall be filed in writing and a complete list of such notices shall be kept as a record of withdrawals in numerical order and so numbered; withdrawing members shall be paid off as funds are available for that purpose, provided that the Association shall not be required to pay out more than one-half of the net monthly receipts of the Association after paying administration expenses, taxes and repairs on property owned, street improvements and other municipal assessments, and reserving funds for current dividends."

Mrs. West by proxy participated in the meeting and voted for this amendment to the by-laws. It continued in force to the filing of the bill, at which time, "share-holders holding shares of the same kind as that issued to the said Ava A. West amounting in face value to more than $300,000.00 had filed with respondent notices for the withdrawal of their shares in accordance with the provisions of respondent's by-laws, all of which are still pending as respondent has not had sufficient cash resources to pay the same in accordance with the provisions of its said by-laws."

No notice of withdrawal was given by Mrs. West or complainant. No dividends have been paid on such stock since June, 1932.

The theory of the bill is that the relation of debtor and creditor subsists between the association and the holder of the withdrawable stock under the agreed facts. Stress is laid on the recital in the certificate, that it is withdrawable on demand, and that the association is not insolvent.

A further insistence is that such set-off is not a withdrawal in that no cash is thus withdrawn from the association, but a fixed demand against it is sought to be set off against a similar demand held by it.

Without here discussing the essential averments of a bill in equity by a mortgagor to set off an indebtedness held by him against the mortgagee in satisfaction, in whole or in part, of the mortgage debt, relief was properly denied in this case upon principles governing building and loan associations.

■ While much uncertainty and conflict of view has obtained as to the status of the holder of withdrawable stock, whether to be classed as a creditor, or a member of the association, this court has approved the view that, even after notice of withdrawal, he is a stockholder, not a creditor, in the sense of outside creditors, and on insolvency must take his place with other stockholders. Walker v. Terry, 138 Ala. 428, 35 So. 466; 9 C.J. p. 941, § 43 (3).

Whether later statutes have modified this rule we need not consider.

Our statute providing for the issuance of fully paid, withdrawable stock, further says: "The by-laws shall provide for the different classes of shares, the manner in which they may be withdrawn in whole or in part, the extent to which they shall share in the net earnings of the association, and the dividends, if any, to be paid thereon." Michie's Code 1928, § 7103, subd. 8.

■ Whether the amended by-law of 1931 above be fully effective as against non-

660

assenting shareholders, or not, it was binding, upon Mrs. West, who participated and voted for its adoption, and, as of course, on complainant, who succeeded to her status. Decatur Building & Investment Co. v. Neal, 97 Ala. 717, 12 So. 780.

Under the agreed facts, no notice of withdrawal having been given, complainant had no matured, presently payable demand against the association. He had not even placed himself on the waiting list to be paid in order.

The want of a matured claim, be he creditor or not, was sufficient to defeat the set-off sought by the bill.

The fact that payment in money is not sought, but a set-off, does not alter the situation. While not depleting the cash on hand, it would deplete the assets from which cash was derivable to meet other like claims on the waiting list. The association could make loans only to members. These are its basic income bearing assets. The end sought is to all intents and purposes a withdrawal, gaining a preference over others on the waiting list, and, if pursued by others, might work disaster to the association and all its shareholders.

The case of Conservative Homestead Ass'n v. Dreyfus, 175 La. 404, 143 So. 356, 85 A.L.R. 964, is quite in point. We approve the well-reasoned opinion in that case. For full review of authorities on withdrawal of stock see note 98 A.L.R. pp. 91 to 134.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.