113 So.2d 912

## MOBILE FEDERAL SAVINGS AND LOAN ASSOCIATION

v.

## SOUTH CAROLINA NATIONAL BANK.

I Div. 816.

Supreme Court of Alabama.

June 25, 1959.

Rehearing Denied Aug. 20, 1959.

Howell, Johnston & Langford, Hamilton, Denniston, Butler & Riddick and Tonsmeire, Hodnett & McFadden, Mobile, for appellant.

Hand, Arendall, Bedsole, Greaves & Johnston, Mobile, for appellee.

MERRILL, Justice.

This is an appeal from a decree overruling respondent's demurrer to the bill as a whole and to each of three separate aspects of the bill as amended.

The original bill was filed by the South Carolina National Bank, appellee, alleging that it cashed a certified check for $500 for one Walter Crain drawn on The Hancock Bank of Gulfport, Mississippi, and at the same time, Crain deposited with appellee for collection a savings certificate of deposit in the amount of $10,000 which had been issued to him by the respondent-appellant, Mobile Federal Savings and Loan Association. It was alleged that Crain endorsed the certificate in blank, and the certificate with the endorsement is made an exhibit to the bill; that relying on this endorsement, appellant advanced the sum of $500 to Crain by cashing the check with the understanding that if the check was not paid, the $500 would be charged against the proceeds of the certificate issued by appellant.

It was also alleged that the certified check was not paid because the certification had been forged; that the $10,000 certificate was presented to appellant, and payment refused on the ground that there was a failure of consideration to appellant for the issuance of the certificate; that this was the first notice or knowledge of appellee that appellant denied the ownership of Crain in the certificate or in the capital of appellant represented by the certificate. Exhibits to the bill showed demand by appellee on appellant and a letter by appellant stating that Crain had given a worthless check in payment for the certificate, that his account with appellant had been cancelled, and that appellant denied any liability. The bill also alleged that appellant was estopped to plead failure of consideration.

In its prayer for relief, appellee asked:

1. That the court ascertain and determine the amount of appellee's loss; and determine the interest of appellee in and to said certificate of ownership in the capital of appellant;

2. Enter a judgment against appellant in appellee's favor in the amount of $500, together with interest and costs, or in such other amounts as the court may deem the appellee to be entitled;

3. Enter a decree directing appellant to transfer to appellee on the books of appellant the certificate of ownership in the capital of appellant, in a paid up amount equal to the amount of appellee's loss as determined by the court, and direct appellant to issue in the name of appellee a valid certificate evidencing appellee's said interest in the capital of appellant to be surrendered and cancelled against the payment to appellee of the face amount thereof in accordance with the statutes, regulations and by-laws governing the operation of appellant, and awarding appellee interest and costs on its behalf in this cause incurred.

The trial court sustained the demurrer to the bill as a whole and appellee amended paragraph 3 as follows:

"3. That on, to-wit, July 9, 1957, the holder of the aforesaid Certificate Number 15, the said Walter Crain, requested the plaintiff to cash a check for the sum of Five Hundred Dollars ($500.00) drawn upon the Hancock Bank in Gulfport, Mississippi, and plaintiff was unwilling to cash such check for the said Walter Crain without security to protect the plaintiff against loss if the said check was not paid when presented to the drawee bank, and plaintiff was induced to cash the aforesaid check for the said Walter Crain and to advance to him the said sum of Five Hundred Dollars ($500.-00) on the condition that the said Walter Crain would agree that the transfer to plaintiff of the aforesaid certificate Number 15 would be as collateral security against loss to plaintiff if the said check of the said Walter Crain was not paid when presented to the drawee bank, and the said Walter Crain so agreed with plaintiff that said Certificate Number 15, there endorsed to plaintiff in blank in the space provided and delivered to plaintiff, was so transferred and assigned by the said Walter Crain to the plaintiff as collateral security to the extent of the amount advanced in cashing said check and with the understanding that if the said check was not paid when presented to the drawee bank the Five Hundred Dollars ($500.00) so advanced to plaintiff would be charged against the proceeds of said certificate when such proceeds were paid to plaintiff against the surrender of said Certificate Number 15 by plaintiff to defendant, and with the remaining proceeds of said certificate to be held by plaintiff against the order of the said Walter Crain. A copy of said check is attached hereto as Exhibit B and made a part hereof as fully and completely as if herein set out in full."

Appellant again filed demurrers, which were overruled. This appeal followed.

The assignments of error charge separately that the court erred in overruling the demurrer to the bill as a whole and to the several aspects. However, our decision as to the correctness of the action on the demurrer to the bill as a whole will suffice for all the assignments of error presented.

■ Appellant argues, and appellee concedes, that the $10,000 certificate issued by appellant is not negotiable as is an instrument payable to order or bearer. Tit. 39, § 8, Code 1940.

■ The face of the certificate shows that "Walter Crain holds a Savings Account representing share interests of Ten Thousand and No/100 Dollars in Mobile Federal Savings and Loan Association, subject to its charter and By-Laws, the Rules and Regulations for the Federal Savings and Loan System, and to the laws of the United States of America." We think it clear that the certificate representing the "savings account" is in fact evidence of ownership in the association. It has been held that the holder of such a certificate is a stockholder and not a creditor. In re Puget Sound Savings & Loan Ass'n, D.C., 49 F.2d 922.

We have referred to shares in a Federal Savings and Loan Association as "stock," Woodlawn Federal Savings & Loan Ass'n v. Williams, 237 Ala. 446, 187 So. 177; and in Clardy v. Jefferson County Building & Loan Ass'n, 234 Ala. 658, 176 So. 368, 369, it was said:

> "While much uncertainty and conflict of view has obtained as to the status of the holder of withdrawable stock, whether to be classed as a creditor, or a member of the association, this court has approved the view that, even after notice of withdrawal, he is a stockholder, not a creditor, in the sense of outside creditors, and on insolvency must take his place with other stockholders. Walker v. Terry, 138 Ala. 428, 35 So. 466; 9 C.J. p. 941, § 43(3)."

See, also, Central Nat. Bank of Wilmington v. Rubenstein, 5 W.W.Harr., Del., 154, 160 A. 871; Hillers v. Local Federal Saving & Loan Ass'n, 204 Okl. 615, 232 P.2d 626.

■ Appellant insists that appellee has no cause of action because the bill affirmatively shows that there was no transfer of the certificate on the books of appellant and that the rules require such a transfer to be binding on appellant.

Most stock certificates are restricted in that they are transferable only on the books of the corporation. But this and other courts have held that where a certificate in a Building and Loan Association has been endorsed and turned over to another as collateral security, the ownership was transferred and the association was required to transfer the stock in the name of the transferee. Richards v. Montgomery, 230 Ala. 307, 160 So. 706; Jones v. State, 236 Ala. 30, 182 So. 404; First National Bank in Fort Lee v. Englewood Mutual Building & Loan Association, 124 N.J.Eq. 360, 1 A.2d 871; Lilley v. First Federal Savings & Loan Ass'n, La.App., 194 So. 901.

■ We come now to the question of the rights of appellee as an innocent purchaser of the certificate for value without notice of the failure of the consideration for its issuance by appellant. This court has recognized that certificates of stock in corporations are not negotiable, but has held that a species of negotiability attaches to them in Nelson v. Owen, 113 Ala. 372, 21 So. 75, 77, where it was said:

> " * * * Upon principle and authority, it is manifest, the certificate has not in it the elements and characteristics of negotiable or commercial paper. It is not evidence of debt. It is not a promise to pay, nor an order for the payment of money. It is but a muniment of title. While this is true, a species of negotiability, or to employ the usual phrase, sufficiently expressive for all practical purposes, a *quasi* negotiability, attaches to it, adding to its value. And if the owner, in any form, clothes another with the apparent title and the consequent power of disposition, inducing third persons to deal with him as owner, such persons are entitled to full protection, to the same measure of protection extended to the *bona fide* taker of negotiable or commercial paper. * * *"

In Cyclopedia of the Law of Private Corporations, Fletcher, Vol. 11, § 5168, it is stated:

> " A certificate of stock issued by a corporation having power under its charter to issue certificates in the form in which such certificate is issued, is a continuing affirmation or representation that the stock therein described is valid and genuine, and that the person therein named is the owner of the stock represented thereby and has the capacity to transfer the same. Such statements and representations are made for the express purpose of inducing, and with the expectation that they will induce, strangers to purchase

the stock and the certificate, and address themselves to whoever thereafter acquires the certificates. And subsequent purchasers or pledgees of the stock have a right to rely upon them, regardless of the number of transfers that may have been made in the meantime, unless they have actual notice of the invalidity of the certificate, or the circumstances are such as to create suspicion, and put a reasonably prudent man upon inquiry.

"It follows that the corporation is liable in damages to bona fide purchasers or pledgees of fictitious or unauthorized certificates who. are deceived and injured by relying upon their genuineness, provided they were issued by an officer or agent of the corporation acting within the apparent scope of his authority. And it also follows that, as against such a purchaser or pledgee, the corporation is estopped to deny that the person named in the certificate is the owner of the stock represented by it, or to deny the validity of the stock represented by the certificate, provided it had authority and power to issue stock of the kind and character in question."

And § 5265 of the same work reads, in part:

"* * * But a recital in a certificate of stock that the shares are 'transferable at the office of the corporation, in person or by attorney,' or that they are 'transferable only on the books of the corporation, in person or by attorney, on surrender of the certificate,' or that they are 'transferable only upon the books of the company in person or by attorney, in accordance with the by-laws, upon surrender of the certificate,' does not constitute constructive notice to a transferee of a by-law giving the corporation a lien. On the contrary, such a statement justifies him in assuming that there are no further restrictions on the right of a stockholder to transfer his shares, and instead of operating only as a warning of the company's rules, is also a promise that the corporation will not make a transfer to anyone who does not produce and surrender the certificate itself."

We think the demurrer was properly overruled since the allegations in the amended bill show appellee to be an innocent transferee for value of a quasi-negotiable certificate without any notice of any equities existing between the appellant and the transferor, Crain.

Affirmed.

LAWSON, STAKELY and GOODWYN, JJ., concur.