CENTRAL NATIONAL BANK OF WILMINGTON, a corporation of the United States, assignee of HARRY BRODSKY, *v.* MORRIS RUBENSTEIN and MARY RUBENSTEIN.

(*May* 31, 1932.)

PENNEWILL, C. J., RICE and HARRINGTON, J. J., sitting.

*William Prickett* for plaintiff.

*Howard Miller* appeared specially for defendants.

Superior Court for New Castle County, Fi. Fa. Att., No. 13, May Term, 1932.

The facts appear in the opinion of the Court.

PENNEWILL, C. J., delivering the opinion of the Court:

The plaintiff issued execution on its judgment and directed the Sheriff to attach the shares of stock of the defendants in Home Building and Loan Association, a Delaware corporation, under *Code,* § 2009, as amended by 33 *Delaware Laws, c.* 105, *p.* 267, § 1. The Sheriff executed the writ by complying with the procedural requirements of the statute. Home Building and Loan Association was permitted to enter a special appearance for the purpose of moving for a rule to show cause why the attachment should not be dissolved, for the reason that "banks, saving institu-

tions and loan associations are not subject to the operations of the attachment laws of the State of Delaware."

*Code,* § 2009 (as amended by *volume* 33, *Laws of Delaware, c.* 105, *p.* 267, § 1), is as follows:

"The shares of any person in any incorporated company, with all the rights thereto belonging, or any person's option to acquire such shares, or his right or interest in such shares, may be attached for debt, or other demands; and so many of said shares, or so much of such option, right or interest therein may be sold at public vendue, to the highest bidder, as shall be sufficient to satisfy the debt, or other demand, interest and costs, upon an order issued therefor by the court from which the attachment process issued, and after such notice as is required for sales upon execution process. If the debtor lives out of the county, a copy of the advertisement shall also be forwarded by mail to his address if known, ten days before the sale, and shall be published in a newspaper published in the county of his residence, if there be any, and if the debtor be a non-resident, shall be published at least twice in a newspaper published in the county where the attachment process issued."

*Code,* § 4120 (as amended by *volume* 30, *Laws of Delaware, c.* 226, *p.* 608), is as follows:

"All corporations doing business in this State, except banks, saving institutions and loan associations, are subject to the operations of the attachment laws of the State of Delaware, as provided in case of individuals; but insurance companies shall not be liable to attachment, except only as to moneys due in consequence of the happening of the risk provided for in policy of insurance; and said corporation shall be liable to be summoned as garnishee, for which purpose service of the summons upon the President, Treasurer, Cashier, Paying Clerk, any Director or the registered agent, as provided in other attachment cases, shall be sufficient to render the corporation subject to all the liabilities provided by the aforesaid laws; and the answer of the officers or agents so served with attachment process shall be enforced in the same manner as is now provided by law in cases where an individual is summoned as garnishee."

The plaintiff claims that under the rule issued in this case there is but one question presented, and that is whether a building and loan association is subject to the provisions of *Code,* § 2009, or, conversely, whether *Code,* § 4120, excepts building and loan associations from the provisions of *Section* 2009?

The defendant contends that a building and loan association is not subject to the attachment laws of this State

because *Code,* § 4120, excepts loan associations from the operation of the attachment laws.

Are the two statutes mentioned independent in operation or must the two be construed together, and the exceptions named in *Section* 4120 read into *Section* 2009?

It is clear from the Delaware cases that the attachment of shares of stock of a corporation is made under *Code,* § 2009, exclusively, and that such attachment is not an attachment or garnishment of the corporation. It has also been held that the corporation, upon giving a certificate for the number of shares owned by the defendant has complied with the requirements of the statute. *Fowler v. Dickson and Tweedale,* 1 *Boyce* 113, 74 *A.* 604; *Morgan v. Ownbey,* 6 *Boyce* 379, 100 *A.* 411; *Mann v. Peer,* 4 *Penn.* 279, 55 *A.* 335.

In the first case the Court was of the opinion that the stock attachment statute did not embrace a corporation and it was because of the fact that a later statute was passed which specifically provided for the attachment of the corporation.

In view of our decisions respecting the attachment of corporation stock, the only question that can arise in this case, and the only one the Court need consider is, whether the stock that building and loan associations issue is "stock" within the meaning of *Code,* § 2009? Such associations do issue to a member a certain number of shares; the member's certificate is in the form of a pass book and contains a record of the dates and payments made on his stock. The defendants contend that the attachment would be, in effect, the attachment of deposits rather than stock.

There is no doubt that the stock of building and loan associations had many features that distinguish it from *ordinary corporation* stock. The shares are not owned by the members in the sense that corporation stock is ordinarily owned; it is not issued and paid for in the way that corporation stock is usually issued and paid for. But the

shares have a money value, dependent mainly on the amount the member has paid into the association in the way of dues. Such value can be readily ascertained by the company at any time, and is what may be called "surrender value."

The shares of stock sought to be attached in this case are shares of the defendants in an incorporated company of this State; they have some ascertainable money value to the defendants, and the Court cannot see why they are not subject to attachment for debt under the clear and general language of *Code,* § 2009. If this law is injurious or vexatious to building and loan associations it can be changed by the Legislature.

The argument made by the defendants is, that an attachment of stock of a corporation is in effect, an attachment of the corporation, which is prohibited under *Code,* § 4120. But the fallacy of this argument becomes apparent when the two statutes referred to are carefully considered. The one provides for the attachment of "shares only" and under it the corporation could not be attached and compelled to answer as garnishee. The other statute provides that a corporation may be attached as in case of individuals and makes it liable to be summoned as garnishee. The word "individuals" emphasizes the distinction between the two statutes.

While one may be supplementary to the other, the two are not interdependent; each is operative without regard to the other.

The rule to dissolve the attachment is discharged.