9.6 ACRES OF LAND, MORE OR LESS, SITUATED IN SEAFORD HUN-
DRED, SUSSEX COUNTY and STATE OF DELAWARE, and VICTOR
E. HURLEY, Owner, Defendant Below, Appellant, v. THE
STATE OF DELAWARE, upon the relation of J. H. Tyler Mc-
Connell, J. Gordon Smith, Benjamin F. Shaw, II, J. Draper
Brown, Jr., William P. Richardson, Clayton A. Bunting,
and Samuel N. Culver, constituting the State Highway De-
partment of the State of Delaware, Plaintiffs Below, Ap-
pellees.

(*November* 29, 1954.)

SOUTHERLAND, C. J., WOLCOTT and BRAMHALL, J. J., sitting.

*Daniel J. Layton, Jr.*, for appellant.

*Ralph S. Baker* for appellees.

Supreme Court of the State of Delaware, No. 22, 1954.

WOLCOTT, J.:

Although no motion to dismiss this appeal has been filed, the fundamental question for our determination is whether or not the order appealed from is a final judgment of the Superior Court and thus subject to review by writ of error.

This is a condemnation proceeding brought by the State Highway Department pursuant to 10 *Del. C.* Ch. 61, against the land condemned and its owner, the appellant. At the trial of the cause the appellant called as witnesses four experts in the valuation of land who testified as to their opinions of the damages caused by the taking. The estimate of damages made by these experts ranged from a low of $15,000 to a high of $24,000. The State Highway Department called two witnesses to testify as to their opinions of the amount of damages caused by the

taking, but the trial court ruled that they failed to qualify as experts and excluded their testimony. The State Highway Department offered no other evidence upon the question of damages.

Pursuant to 10 *Del. C.* § 6108(d), the trial court permitted the Commissioners to view the property being condemned. The cited code section, however, while permitting a view of the property taken, provides that "the view shall not be considered as evidence but only for the purpose of better understanding the evidence presented at the trial".

The question of the amount of damages for the taking, under appropriate instructions, was submitted to the Commissioners upon the record thus made. After deliberation, the Commissioners returned and announced in open court an award of $9,000 as just compensation for the taking.

On the day following the announcement of the award the trial judge in open court entered an order confirming it.[1] Shortly thereafter, on the same day, the appellant filed his motion, designated as a motion for a new trial, but obviously filed in accordance with the provisions of 10 *Del. C.* § 6108(g) to set aside the award, or to modify it to conform to the facts as presented by the evidence.

The cause thus rested until the next to last day of the thirty-day appeal time provided for by 10 *Del. C.* § 6112, if that time commenced running on the entry of the order confirming the award. On that day, in the belief that the order of confirmation was a final judgment of the Superior Court, the appellant sought review of it by writ of error.

---

[1]At the argument on appeal counsel for the State Highway Department stated that the trial court announced orally in open court when the order of confirmation was entered that in the event a motion for a correction of the award of confirmation should be filed, the order of confirmation would be vacated. We have no doubt that such an announcement was made, but we may not consider it, since the record before us is silent with respect to the vacation of the order, oral or otherwise.

We do not reach the merits of this appeal, i. e., the question of whether or not Commissioners in making an award for just compensation are bound to do so solely in the light of the evidence given from the witness stand, or whether they may in addition take into consideration knowledge gained from a view of the premises, or information they have of their own knowledge.

Under our view of this appeal, the sole question for our determination at this time is whether or not the order of confirmation is a final judgment of the Superior Court subject to review in this court. If it is not, we are without jurisdiction over the cause.

■ 10 *Del. C.* § 6108 (g) provides as follows:

"(g) After all evidence is presented and the commissioners have been charged by the court with the applicable law, they shall retire and in secret arrive at a determination of the amount to be awarded as just compensation for the respective parties in interest, and thereafter announce their awards in open court. Such awards shall be confirmed by the court unless the commissioners have been guilty of misconduct in their proceedings, or unless they have made an improper award to any party in interest, whether based upon an error of fact or law, in which events the court may, upon its own motion, or motion of any party filed and served within 5 days of the award, set aside the erroneous award in whole or in part, or modify it to conform to the facts as presented by the evidence, or to conform it with the law as announced by the court. In the event the award is set aside in whole or in part, the court may, in its discretion, recommit it to the commissioners with instructions."

The quoted section of the *Code* quite plainly gives the trial judge broad powers over the award made by the Commissioners. Thus, on his own motion, or on the motion of any party, he may set the award aside in whole or in part, or modify it to conform to the facts or to the law. This provision, in our view, contemplates that the trial judge who heard and observed the witnesses

shall in the first instance at least use his special knowledge of the matter to make the award conform to the requirements of just compensation. The statute contemplates that any objection to the award shall be passed upon by the trial judge before there shall be any right of review in this court.

10 *Del. C.* § 6108(g), however, requires that a period of five days, at least, shall pass before an award is confirmed. This, it seems to us, necessarily follows from the provision that an award shall be confirmed unless within five days any party shall file a motion to set it aside, modify it, or make it conform to the facts or the law. The statute grants this right to any party and it may not be taken from him by precipitate action. The statutorily conferred right is to a review by the trial judge of the award in the light of the facts and the law, if timely application is made.

It follows, therefore, that the entry of the order of confirmation by the Superior Court was contrary to the statute and, as such, a nullity. This being so, there is no final judgment in the cause subject to review by this court. The appellant's motion for a modification of the award is to be regarded as having been rightly filed and still undisposed of by the trial court.[2]

It is argued by counsel for the State Highway Department that the appellant, by reason of lapse of time, has forfeited his right to press in the Superior Court his motion for a correction of the Commissioners' award. The argument is based upon Rule 59(f) of the Superior Court which provides that a motion for a new trial shall be deemed to have been withdrawn with leave of court unless within ten days after it is filed the moving party makes application for argument upon the motion. Counsel ar-

---

[2]The appellant's apparent but mistaken belief that the purported order of confirmation precluded the filing of his motion does not change the situation. His proper procedure would have been to move to vacate the purported confirmation and to set down his motion for argument. His failure to realize his proper procedure, in any event, cannot confer jurisdiction on this Court.

gues that since the appellant elected to proceed by way of writ of error, he failed to comply with Rule 59(f) and is thus deemed to have withdrawn his motion.

This argument, we think, is an erroneous application of Rule 59(f) to a situation not intended to be governed by it. Rule 58 directs the entry of judgment immediately upon the rendering of a verdict by a jury, and Rule 59(b) permits the filing of a motion for a new trial within ten days after the entry of judgment. It is apparent to us that Rule 59(f) applies only to motions for a new trial filed following the entry of a judgment, which but for such a motion would be final and appealable.

As we have pointed out, the entry of the order of confirmation of the Commissioners' award was a nullity under the statute. This being so, there is no judgment entered in this cause. Rule 59(f), therefore, can have no application to the motion now pending. Furthermore, the motion filed was not a motion for a new trial in the ordinary sense, but was a motion in strict conformity with the procedure contemplated by the statute, which required such a motion to be made prior to, and not after judgment. Upon the filing of such a motion, it thereupon became the duty of the Superior Court to dispose of it before entering a judgment confirming the award.

The result is that the appeal is premature, since no final judgment has been entered in the cause. The cause, therefore, must be remanded to the Superior Court with instructions to determine the motion of the appellant still pending before it.