## Bell *v.* Bakerstown Savings and Loan Association (et al., Appellant).

Argued March 12, 1956. Before STERN, C. J., JONES, BELL, MUSMANNO and ARNOLD, JJ.

*Edward J. I. Gannon,* with him *Howard J. Hazlett* and *Hazlett, Gannon & Walter,* for appellant.

*David W. Craig,* with him *A. W. Henderson* and *Moorhead & Knox,* for appellee.

OPINION BY MR. JUSTICE BELL, April 16, 1956:

A narrow question is presented—did Mrs. Ida Pearl Logan make a valid inter vivos gift of her savings account to her husband's niece, Kathryn Logan De-Quinze?

Mrs. Logan was the sole owner of a savings account in Bakerstown Savings and Loan Association, most of which she had acquired by right of survivorship upon the death of her husband. Mrs. Logan, on or about July 14, 1951 wrote a letter to the Association and enclosed her pass book. The letter stated, inter alia, "Kindly have *this account*\* made out to Ida Pearl Logan or Kathryn Logan DeQuinze. In the event of my death this stock will go to her. . . . Return book to me in my own name." At about the same time, Mrs. Logan filed a withdrawal notice for this account by writing upon a printed form of the Building and Loan Association the following withdrawal notice:

"WITHDRAWAL NOTICE

Account No. *477*                    Date *July 14, 1951*

In accordance with the By-Laws of the Association, I, We, the undersigned, do hereby desire to withdraw

---

\* Italics, ours.

the sum of                    Dollars, same being
PART/ALL of the amount of the *Book value of the shares* now standing in my/our name on the books of the Bakerstown Savings and Loan Association, Bakerstown, Pa., as per PASS BOOK accompanying this notice.

This withdrawal is understood to be from the first deposits made by me.

Name /s/ Ida Pearl Logan

        Authorized Signature

Name ————————————————

        Authorized Signature

Address 1860 Perrott Ave., Pittsburgh 12, Pa."

Ida Pearl Logan and the defendant Kathryn Logan DeQuinze simultaneously executed and sent to the Association an application for shares of stock in the Association which both parties signed and which is in the names of Ida Pearl Logan and/or Kathryn Logan DeQuinze. This application provided as follows:

"Acct No. 477          Member Recommending ————

BAKERSTOWN

SAVINGS AND LOAN ASSOCIATION

Bakerstown, Allegheny County, Pennsylvania

Application for Membership

I/We hereby make application for          shares of stock of the Bakerstown Savings and Loan Association, and agree to abide by all the Rules, Regulations and By-Laws of the Association.

                           Type Shares

Amount herewith $————————          Full Paid

                           Prepaid Savings

/s/ Ida Pearl Logan                Optional Savings

    Authorized Signature          Actual Savings

and/or   /s/ Kathryn Logan De Quinze—Niece

            Authorized Signature   (Relationship)

1860 Perrott Ave., N.S. Pittsburgh 12, Pa."

The passbook was returned to Mrs. Logan on or about August 10, 1951.

Subsequently, Mrs. Logan entered the Suburban Hospital for treatment and shortly after she returned from the Hospital, she wrote another letter postmarked August 27, 1951 to Treasurer McKelvey which stated: "Kindly change the enclosed book to read: Ida Pearl Logan or Mary E. Bell, sister, instead of Kathryn Logan De Quinze." By letter dated December 1, 1951, Mrs. Logan requested that the passbook be returned to her and stated: ". . . Hope you had this transferred to the names of Ida Pearl Logan or Mary E. Bell and not in the name of Kathryn Logan De Quinze." Later in this same month, Mrs. Logan was badly burned and was returned to the Hospital for treatment. Under date of January 7, 1952, Mrs. Bell on behalf of her sister again requested the passbook, and by a return letter dated January 12, 1952, Mr. Walter Heim, Savings and Loan Secretary, advised that the passbook could not be located.

Mrs. Logan died January 30, 1952, testate naming the plaintiff, Mary Bell, Executrix and sole legatee. Secretary Heim returned the passbook by letter dated February 9, 1952, addressed to Ida Pearl Logan and explaining the reason for the delay.

In March, 1952, both plaintiff Bell and defendant De Quinze made demands on the Savings and Loan for the funds on deposit there. The Savings and Loan, although ready and willing to pay the person properly entitled, declined to make any payment until the controversy was determined. At the time of the trial the account, including accrued dividends, was $3,584.83.

It is obvious that Mrs. Logan's money was represented by a savings account and not by shares of stock; it is indisputable that she directed this account to be

made out to her *or* Kathryn, *with no mention of joint account or survivorship;* that she requested the passbook to be in her name only; that the passbook in question was at her request returned to her and so far as the evidence shows was never in Kathryn's possession; and there is no evidence of *words of gift in praesenti* by Mrs. Logan, or even that she notified Kathryn of the alleged gift which (she said) was to go to Kathryn in the event of her death. The application for stock, which Mrs. Logan and Kathryn De Quinze executed and sent to the Association was absolutely blank and there is no evidence that any stock was issued to them as a result of the application.

Under the above recited facts the savings account is analogous to a bank account rather than to shares of stock and is to be governed by familiar principles which are applicable to bank accounts. It is unnecessary to analyze and review the many cases dealing with an (alleged) gift of a bank account, nor the essentials of an inter vivos gift, which have been reiterated in the very recent case of *Brightbill v. Boeshore,* 385 Pa. 69, 122 A. 2d 38. Suffice it to say that this case is ruled by *Mader v. Stemler,* 319 Pa. 374, 179 A. 719; under that authority it is crystal clear that the facts hereinabove recited did not constitute a valid inter vivos gift to Kathryn De Quinze. It follows that Mrs. Logan had an absolute right to give the savings account in her lifetime or by her will to her sister, Mary E. Bell, or to anyone she desired.

We have considered all the other contentions made by appellant but deem discussion unnecessary.

Decree affirmed; costs to be paid by appellant.