5.97752 ACRES OF LAND IN NEW CASTLE COUNTY, New Castle Hundred, State of Delaware, Alice R. Moore, Widow, Frank B. Moore and Edith W. Moore, his wife, and Unknown Owners, Defendants Below, Appellants, v. THE STATE OF DELAWARE upon the relation of J. GORDON SMITH, et al., Constituting the State Highway Department of the State of Delaware, Plaintiff Below, Appellee.

*(June 23, 1964.)*

WOLCOTT, Justice, and CHRISTIE and STIFTEL, Judges, sitting.

*Stephen Hamilton, Jr.*, and *Frank O'Donnell*, of Hamilton & O'Donnell, for appellants.

*Daniel L. Herrmann* and *William D. Bailey, Jr.*, of Herrmann, Bayard, Brill & Russell, for appellee.

Supreme Court of the State of Delaware, No. 17, 1964.

WOLCOTT, Justice.

This is an appeal from an order of the Superior Court setting aside an award by Condemnation Commissioners and granting a new trial.

The State condemned six acres of the defendant's land for highway construction purposes. The six acres in question were part of a farm of 198 acres on which the defendant lived and operated a farm. The land had a gravel-bearing strata throughout and a portion of the land in the past was operated by the defendant as a gravel pit.

Prior to the trial of the issue of just compensation certain pre-trial rulings were made. *Inter alia,* it was ruled that expert testimony as to the quantity, quality and value of the gravel deposit in the six acres of land taken was admissible in evidence. It was also ruled that evidence of per cubic yard value of gravel in place is admissible in evidence as an element showing the fair market value of gravel-bearing land.

It was further ruled that if the best use of the land in question was determined to be the operation of a gravel pit, then the quantity, quality and value of the gravel may be proven, but that the market value of the land taken could not be determined merely by multiplying the units of gravel proven to be on the land by the market value per unit. The value of the gravel as such is merely a factor to be used by the Commissioners in determining the market value of the land.

We think the pre-trial rulings referred to were correct in the light of the law and the parties do not take issue with them. Thus, the existence of mineral deposits in land is an element to be considered in determining its market value. Necessarily, therefore, all evidence tending to establish the value of the land with minerals is receiv-

able in evidence, and where the best use of the land is the extraction of the mineral deposits then the quantity, quality and value of the deposits may be shown by any proper method, including a per cubic yard value. 4 Nichols Eminent Domain, 3rd Ed., § 13.22.

This does not mean, however, that merely by a mathematical computation the value of the gravel on site may be ascertained and then added to the market value of the land *per se, i.e.*, the residual value, in order to arrive at a sum which will equal the market value or just compensation.

After trial the Commission awarded defendant $36,-232.00 as just compensation for the six acres of land taken. The State moved to set the award aside and the Court finally stated that it would grant a new trial unless defendant agreed to a remittitur of the excess over $16,-200.00. The defendant refused and, accordingly, a final order was entered setting aside the award and granting a new trial. This appeal followed.

The State moved to dismiss the appeal on the ground that the order was nonappealable, relying upon 10 *Del. C.* § 6108(h) providing that the final awards in condemnation proceedings "as confirmed or modified, may be reviewed by the Supreme Court," and, also, on 10 *Del. C.* § 6112, providing for a right of review "from the final confirmed award of the Superior Court * * * as in the manner provided for review of any other final civil judgment of the Superior Court."

The State, in addition, relies upon *9.6 Acres of Land v. State of Delaware*, 10 Terry 64, 109 A.2d 396, which held that an appeal pursuant to 10 *Del. C.* § 6112 brings up for review in condemnation proceedings only the final judgment of the Superior Court in the form of a final confirmed award.

■ In 1951 when the referred-to sections of the *Code* were adopted and in 1954 when *9.6 Acres v. State* was decided, review by this Court of proceedings in the Superior Court was by Writ of Error and was confined to final judgments. However, the 1960 amendment of Article IV, § 11(1) (a) of the Constitution provided for review by this Court of all matters of appeal in the interlocutory or final judgments of the Superior Court. The 1960 amendment clearly authorizes review of the order appealed from even though, as the State points out, it is of an interlocutory nature.

As a matter of fact, we can think of no rational reason why this should not be so since, if we dismiss this appeal, and if upon subsequent trial of the issue of just compensation the defendant appeals, review of the setting aside of the initial award could well be sought. We accordingly deny the motion to dismiss the appeal.

■ ■ Since this, in effect, is an appeal to review the granting of a new trial, the only matter that may be considered by us is whether or not the granting of a new trial was an abuse of the discretion of the trial court. *Trowell v. Diamond Supply Co.,* 8 Terry 422, 91 A.2d 797. In determining whether or not the discretion of the trial court has been abused, this Court has consistently held to the view that where the Court has not exceeded the bounds of reason in view of the circumstances, and has not ignored recognized rules of law so as to produce injustice, its legal discretion has not been abused and will not be interfered with by this Court. *Pitts v. White,* 10 Terry 78, 109 A.2d 786; *Larrimore v. Homeopathic Hospital Ass'n. of Delaware,* Del. Super., 181 A.2d 573.

The reason for the granting of a new trial was that the pre-trial ruling prohibited the determination of market value by multiplying the number of gravel units in the

land times the market value per unit had been violated. The trial judge held that the defendant in his testimony did precisely this, contrary to the pre-trial ruling and therefore granted a new trial.

It is necessary for us to consider the evidence offered to the Commission. The defendant testified as to the market value of his land. It is permissible for a land-owner to testify and give his opinion as to the value of his land if he can establish his familiarity with its elements of value and other comparable land in the neighborhood. *State ex rel. Smith v. 0.15 Acres,* Del., 169 A.2d 256. We think this defendant clearly demonstrated that he was qualified to testify as to the value of his land and of the element of gravel deposits located on it.

In summary, his testimony amounts to the follow-ing: That on the six acres in question there was gravel-bearing soil to a depth of 25 feet and that such a depth would produce 40,000 cubic yards of material per acre. This testimony was based on test borings made on the land in question. He testified further than gravel of the quality located on his land had a fair market retail value of 40¢ per cubic yard at the time of taking, and that in the past he had sold similar gravel at that price. He testi-fied further that after the gravel had been removed to a depth of 25 feet the land, after being recovered with top soil, would have a retail value of $3,000 per acre.

Simple multiplication would show the, value of the gravel on each acre at $16,000 which, added to the resi-dual value of $3,000 per acre, produces a total of $19,000 per acre, or a total value for six acres computed in this way of $115,000. Nevertheless, the defendant testified that in his opinion the fair market value of the six acres taken was $72,000 which was a recognition that the 40¢ per cubic yard figure could probably not be obtained.

He testified further that at the rate of 30¢ per cubic yard the gravel could be sold in site. However, simple multiplication and addition at the 30¢ rate would produce a total value of the residual land and gravel of $90,000.

Nevertheless, the defendant estimated the market value of his land at $72,000 or $12,000 per acre.

It is thus apparent and may be demonstrated mathematically that the defendant discounted the mathematical value of the gravel on his land. This is necessarily so since mathematics show it to be so.

It is therefore difficult to understand the reason the trial judge believed that the defendant had merely mathematically computed the value of the gravel on site and added to it the residual value of the land and given that as his opinion of value. Such is not the case.

Furthermore, it is quite apparent that the Commission, itself, concededly properly instructed as to the rule that value could not be mathematically computed, in fact abided by the instructions. This necessarily is so because it is impossible to demonstrate mathematically the figure finally awarded of $36,232.00. It obviously was an exercise by the Commission of its collective judgment and, in reality, is an opinion of value based upon the evidence before it.

It must be remembered that the value of gravel or other minerals contained on land is a factor entering into the market value of that land. We think the Commission had before it proper evidence upon which to value the land taking into account this factor. This, the Commission did. It did not violate the pre-trial ruling that it must not compute the value of the gravel, add to it the residual value of the land and return that total as its award.

 Under these circumstances, we think the award was legally arrived at. Consequently, it was an error of law and, as such, an abuse of discretion to set the award aside.

For the foregoing reasons the case will be remanded with instructions to strike the order setting aside the award and to enter judgment for the defendant in the amount of $36,232.00.