**Dorothy B. MENGELE, Plaintiff Below, Appellant,**

**v.**

**CHRISTIANA FEDERAL SAVINGS AND LOAN ASSOCIATION OF WILMINGTON, Defendant Below, Appellee.**

Supreme Court of Delaware, New Castle.

Jan. 6, 1972.

George F. Gardner, III, of Morris, Nichols, Arsht & Tunnell, Wilmington, for appellant.

Roger Sanders of Prickett, Ward, Burt & Sanders, Wilmington, for appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

WOLCOTT, Chief Justice:

This is an appeal from the Superior Court after jury trial from a directed verdict in favor of Christiana Federal Savings and Loan Association of Wilmington. The action below was brought against Christiana and two individuals, Anthony G. Bariglio and Sharon Lynn Bariglio, his wife, by Dorothy B. Mengele, the mother of Sharon Lynn Bariglio. A directed verdict was entered in favor of Christiana. The jury disagreed with respect to Anthony G. Bariglio and Sharon Lynn Bariglio.

The facts are that, following the death of her husband, Mrs. Mengele, with the proceeds of certain insurance on the life of her deceased husband, opened a savings account with Christiana. The account was opened in her name and jointly with her daughter, Sharon Lynn Bariglio. On opening the account, Mrs. Mengele was furnished with a passbook for Account No. 4267. At the time, her son-in-law, Anthony G. Bariglio, was employed by Christiana as a bookkeeper.

Thereafter, a series of eight share loans were made by Anthony and Sharon Bariglio, secured by Joint Savings Account No. 4267, with the consents being signed by Sharon and/or Anthony Bariglio. Subsequently, Christiana caused the loans to be paid off from the existing balance in Account No. 4267.

At trial, Mrs. Mengele unequivocally testified that before this action she had never heard of a share loan secured by a passbook of an account; that she had never authorized any loans to be made, against Account No. 4267; that she had never been aware of any loans made against the account, and that if she had known of such loans she would not have approved them. As a matter of fact, Mrs. Mengele learned of the existence of the loans and their payment from the proceeds of the account only when she sought to withdraw the full amount of the account for redeposit in another banking institution.

The evidence further discloses that Anthony Bariglio, who occasionally had possession of the original passbook in order to have the interest posted in it, prepared a duplicate passbook for Account No. 4267. He did this by taking a blank passbook from a box kept under Christiana's counter and duplicating in it the entries of the original passbook. He left the original with Christiana as security for the passbook loans, and returned the duplicate passbook to Mrs. Mengele. Mrs. Mengele thought that she retained in her possession the original passbook and thus had control over the account. Mrs. Mengele also testified that the setting up of the joint account was basically for the purpose of a testamentary disposition.

In setting up Account No. 4267, Mrs. Mengele and Sharon Bariglio, her daughter, signed a signature card, which apparently constitutes the contract between the joint depositors and Christiana. The full text of this agreement is as follows:

"You are directed to act pursuant to any one or more of the joint tenants' signatures, shown below, in any manner in connection with this account and to pay, without any liability for such payment, to anyone of the survivor or survivors at any time."

At the conclusion of Mrs. Mengele's case, the Trial Judge ruled that she had failed to establish a creditor/debtor relationship between herself and Christiana, and that, accordingly, Christiana was not bound by the rules governing the conduct of a banking institution in the State of Delaware; also, that she had failed to establish any negligence on the part of Christiana and, accordingly, directed a verdict in favor of Christiana. The cause was submitted to the jury against the individual defendants and the jury disagreed.

In this appeal, Mrs. Mengele argues that it was error for the Trial Judge to rule that a creditor/debtor relationship had not been created between herself and Christiana by the opening of the joint account. Further, it is argued that if a creditor/debtor relationship existed between Christiana and Mrs. Mengele, the burden was on Christiana to demonstrate by evidence that it had not been negligent in permitting the fabrication of a second passbook upon which she relied to her detriment.

Christiana is a federal savings and loan association organized under federal law and, under 12 U.S.C.A. § 1464(b) (1), the holder of an account becomes a member of the association and acquires the rights of a stockholder. It was apparently this facet of the federal savings and loan association which led the Trial Court to rule that no creditor/debtor relationship existed between an accountholder and the savings and loan, itself.

We think, however, that the problem is not that simple. The general trend of authority among the States seems to be that ownership of an account in a savings association is not to be designated solely as the ownership of stock in the association, even though the opening of an account automatically makes the accountholder a shareholder of the association, but is in fact a *sui generis* relationship which is more nearly comparable to the relationship between a commercial bank and a depositor in an account in that bank. It is a contractual relationship enforceable in law to have the money deposited repaid to the depositor according to the terms of the contract between the depositor and the savings and loan association. Prather, Savings Accounts, Ch. 3; Bell v. Bakerstown Savings and Loan Assn., 385 Pa. 158, 122 A.2d 411 (1956); Family Savings and Loan Assn. Shareholders' Protective Committee v. Stewart, 241 Md. 89, 215 A.2d 726 (1966); Benton's Apparel, Inc. v. Hegna, 213 Minn. 271, 7 N.W.2d 3, 143 A.L.R. 1148 (1942).

We think the cited authorities are persuasive as to the relationship created between a depositor in a savings and loan association and the association, itself. While such an association has two facets with respect to the depositor and the association, the primary facet is that of a creditor and debtor. It is true that the depositor, merely by reason of the deposit, becomes a shareholder, but at the same time the depositor is a creditor of the association and is entitled to rely upon a creditor/debtor relationship between himself and the association. The question is apparently one of first instance in this State but, relying upon the authorities cited above, we hold that the opening of a savings account with a savings and loan association *ipso facto* creates a creditor/debtor relationship between the depositor and the association.

We are aware of the holding in Central Nat. Bank of Wilmington v. Rubenstein, 5 W.W.Harr. 154, 160 A. 871 (Super.Ct.1932) to the effect that shares in a building and loan association may be seized in attachment

**398**

by a creditor of the shareholder. We make no comment upon the *Rubenstein* case because the point of whether or not the shares of a member of a loan association are attachable is not before us in this appeal.

It therefore follows that Mrs. Mengele was in the status of a creditor of Christiana which, by the same token, was her debtor. As such, the two parties stood in relationship to each other as any depositor in a banking institution of this State stands with respect to the bank. The rule governing such a relationship between a bank and its depositor is that, as long as the bank acts in accordance with the contract existing between itself and its depositor, the bank is not liable if it makes payments from the depositor's account in conformity with the depositor's orders to the bank when the account is created. Only if a payment is made contrary to or outside the provisions of the contract existing between the depositor and the bank may the bank be held liable, and the bank is required to refute charges of negligence against it only when its actions have been contrary to the directions contained in the contract between it and its depositor. National Dredging Co. v. President, etc., of Farmers' Bank, 6 Pennewill, 580, 69 A. 607 (Supr.Ct.1908); Bank of Delaware v. Union Wholesale Co., 7 Storey 531, 203 A.2d 109 (Supr.Ct.1964). It is therefore only when a bank or, as we have held, a savings and loan association, passes out the money of a depositor against the depositor's orders expressed in the contract between them, that the burden of establishing non-negligence on its part in a suit brought by the depositor for improper withdrawals is placed upon the bank or savings and loan association.

The contract between Mrs. Mengele and Christiana is evidenced by the signature card signed by her and her daughter. That card directed Christiana to act pursuant to one or more of the joint tenants' signatures "in any manner in connection with this account". In our opinion the authorization to act "in any manner" authorized Christiana to make loans against the balance in the joint account. This is what was done and, consequently, Christiana has not acted in violation of the terms of the agreement between Mrs. Mengele and itself. This being so, Christiana is not obligated to show itself free of negligence in so acting under the rule of law in this State.

We think therefore that the Trial Judge was correct in directing a verdict in favor of Christiana at the close of the plaintiff's case but for a different reason than he gave, viz., that a creditor/debtor relationship in fact existed between Christiana and Mrs. Mengele, but that Christiana had acted entirely within the terms of the contract existing between the two.

With respect to the second point raised in this appeal concerning the exclusion of the proposed testimony of two expert witnesses on the standards of care utilized by Christiana and savings banks in the local area, we think the Trial Judge's ruling was proper. As a matter of fact, under the conclusions we have reached, the testimony was irrelevant to the issues to be submitted to the jury.

For the foregoing reasons, the judgment below is affirmed.