Mary Kersey **MILLER** and Earl Miller, **Plaintiffs Below, Appellants,**

v.

**SUBURBAN PROPANE GAS CORPORATION, a corporation of State of New Jersey, Defendant Below, Appellee.**

Supreme Court of Delaware.

Submitted: Sept. 28, 1989.
Decided: Oct. 17, 1989.

---

Robert C. Wolhar, Jr., of Wolhar & Gill, Georgetown, for appellants.

W. Wade W. Scott, and Beth Evans Valocchi, of Prickett, Jones, Elliott, Kristol & Schnee, Wilmington, for appellee.

Before CHRISTIE, C.J., WALSH and HOLLAND, JJ.

HOLLAND, Justice:

On September 8, 1989, the plaintiff-appellants, Mary Kersey Miller and Earl Miller ("the Millers"), filed a notice of appeal, in which they sought review of a jury verdict dated April 27, 1989, and an order of the Superior Court of the State of Delaware, in and for Sussex County, dated August 15, 1989. The defendant-appellee, Suburban Propane Gas Corporation ("Suburban"), has filed a motion to dismiss the appeal on the grounds that it seeks to review an interlocutory order but fails to comply with the requirements of Supreme Court Rule 42. The Millers have filed an answer to the motion to dismiss which asserts that the Superior Court's decision of August 15, 1989 constitutes a final order. We find that Suburban's motion is meritorious. Therefore, the Millers' appeal will be dismissed.

Following a trial in the Superior Court, the jury awarded the Millers $3,827.50 in compensatory damages and $25,000.00 in punitive damages. On May 8, 1989, Suburban filed a "Motion for New Trial or Remittitur." In an order dated August 15, 1989, the Superior Court essentially granted Suburban's motion for a new trial or a remittitur by giving the Millers a choice of either accepting a remittitur, which would reduce the punitive damage award to $12,000.00, or electing to have a new trial, limited to the issue of punitive damages. On September 7, 1989, the Millers filed a "Notice of Non–Acceptance of Remittitur," and thereby elected to have a new trial on the issue of punitive damages.

This Court has held that an order granting a new trial is interlocutory in nature. *5.97752 Acres of Land in New Castle County v. State*, Del.Supr., 202 A.2d 924, 925–26 (1964). After *5.97752 Acres of Land* was decided, "this Court adopted Rule 42 which specifies the procedure governing interlocutory appeals." *Taylor v. Collins and Ryan, Inc.*, Del.Supr., 440 A.2d 990 (1981). Supreme Court Rule 42 states that this "Court's jurisdiction to hear and determine appeals in civil cases from interlocutory orders of a trial court, ... shall be exercised in accordance with this rule." Supr.Ct.R. 42(a). That Rule also provides that "[n]o interlocutory order shall be reviewed by this Court unless the appeal therefrom has been accepted by this Court in accordance with [its] procedures." Supr.Ct.R. 42(d).

The Hobson's choice presented to the Millers by the Superior Court's decision does not change the interlocutory nature of its order granting a new trial on the issue of punitive damages. *5.97752 Acres of Land in New Castle County v. State*, 202 A.2d at 925–26. The Millers have not complied with Rule 42. Therefore, this appeal must be DISMISSED. *Julian v. State*, 440 A.2d 990 (1982).