Ruby A. KATCHER and Richard
Katcher, Plaintiffs–Below,
Appellants,

v.

Ronald MARTIN and Winner Ford,
Ltd. of Dover, Defendants–
Below, Appellees.

Supreme Court of Delaware.

Submitted: Sept. 10, 1991.
Decided: Oct. 10, 1991.

Robert C. Wolhar, Jr., Wolhar & Gill, P.A., Georgetown, for appellants.

Nancy E. Chrissinger, Tybout, Redfearn & Pell, Wilmington, for appellees.

HOLLAND, Justice:

This matter involves a preliminary procedural dispute between the parties. The appellees have filed a motion to dismiss this appeal on the grounds that the appellants did not file their notice of appeal in a timely fashion. The appellants have responded and argue that their notice of appeal was timely filed. The parties procedural disagreement relates to the effect that a timely motion for a new trial in a civil proceeding has upon the time period in which to perfect an appeal to this Court.

On June 13, 1991, after a three day jury trial, the appellee, Ronald Martin, was found negligent and liable to the appellant, Ruby A. Katcher, for damages. The jury awarded Ruby Katcher $9,000.00. The jury awarded Richard Katcher no damages. The jury's judgments were docketed that same day. On June 27, 1991, the appellants filed a joint motion for a new trial on the issue of damages. The Superior Court denied that motion by an order dated July 19, 1991. On August 16, 1991, the appellants filed their notice of appeal from both the original judgments and the Superior Court's denial of their motion for a new trial.

The parties agree that the time period for filing an appeal with this Court is 30 days. Supreme Court Rule 6 states, in part, that "[a] notice of appeal shall be filed in the office of the Clerk of this Court ... within 30 days after entry upon the docket of the judgment, order or decree from which the appeal is taken in a civil case...." Supr.Ct.R. 6. The parties agree that the appellants filed this appeal within 30 days of the Superior Court's order that denied the appellants' motion for a new trial. The parties also agree that the appeal period was tolled during the pendency of the appellants' motion for a new trial. *See Fisher v. Biggs*, Del.Supr., 284 A.2d 117, 118 (1971); *Preform Bldg. Components, Inc. v. Edwards*, Del.Supr., 280 A.2d 697, 698 (1971).

The appellees contend that the 30 day appeal period began to run on June 13, 1991, when the jury's judgments were docketed. The appellees submit that, although the motion for a new trial tolled the running of the appeal time, the 30 day appeal period did not begin to run anew after the motion for a new trial was denied. The appellees contend that because the appeal period had run for 14 days before it was tolled by the motion for a new trial, the appellants' notice of appeal should have been filed within 16 days after the motion for a new trial was denied on July 19, 1991, i.e., by August 5, 1991. The appellees argue that this would have been a total of 30 days after the entry of judgment on June 13, 1991, excluding the time during which the appeal period was tolled by the pendency of the appellants' motion for a new trial.

■ In the case *sub judice*, the 30 day appeal period did begin to run on June 13, 1991, when the jury's judgments were docketed. However, the appellants' timely motion for a new trial tolled the running of the appeal period. *Preform Bldg. Components, Inc. v. Edwards*, 280 A.2d at 698. The motion for a new trial tolled the running of the appeal period because it tolled the finality of the civil judgments. *Hessler, Inc. v. Farrell*, Del.Supr., 260 A.2d 701, 702 (1969).[1] Therefore, although the judgments were entered on June 13, 1991, they did not become final until July 19, 1991, when the Superior Court denied the appellants' motion for a new trial. Consequently, this Court has held that the *entire* period to appeal from the judgment in a civil case begins to run anew from the entry of the final order, which occurs when the decision that denies a timely motion for a new trial is docketed. *Trowell v. Diamond Supply Co.*, Del.Supr., 47 Del. 422, 91 A.2d 797, 801 (1952).[2] Conversely, a decision granting the motion for a new trial would have been an interlocutory ruling. *Miller v. Suburban Propane Gas Corp.*, Del.Supr., 565 A.2d 913 (1989).

In the present case, the appellants had 30 days from July 19, 1991, the date upon which the Superior Court denied their motion for a new trial, to file a notice of appeal with this Court. The record reflects that the appellants complied with that requirement when they filed their notice of appeal on August 16, 1991. Therefore, the appellees' motion to dismiss this appeal as untimely is DENIED.

---

**1.** The filing of timely motion for a new trial in a criminal proceeding *does not* suspend the finality of a conviction and, thus, *does not* toll the time for filing a direct appeal in a criminal case. *Eller v. State*, Del.Supr., 531 A.2d 948, 950 (1987). This Court's rules require a notice of appeal to be filed within *30 days after a sentence is imposed* in a direct appeal of a criminal conviction, even though a timely motion for a new trial remains undecided. *Id.* Supr.Ct.R. 6(2).

**2.** It must be noted that the notice of appeal should unambiguously reflect an intention to have this Court review *both* the original judgment, based upon the jury's verdict, and the judgment denying the motion for a new trial. *Id.* The notice of appeal in this case clearly reflects that intention.