# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

KENYATTA SMYRE,                    )
                                   )
    Employee/Appellant,        )
                                   )
v.                                 )    C.A. No. N19A-10-001 CEB
                                   )
STATE OF DELAWARE,                 )
                                   )
    Employer/Appellee.         )

Submitted: February 13, 2020
Decided: July 8, 2020

*Employer's Motion to Dismiss Appeal*.
**DENIED**

## MEMORANDUM OPINION

Heather A. Long, Esquire, KIMMEL CARTER ROMAN PELTZ & O'NEILL, P.A., Newark, Delaware. Attorney for Employee/Appellant.

Benjamin K. Durstein, Esquire, MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN, Wilmington, Delaware. Attorney for Employer/Appellee.

**BUTLER, J.**

**FACTS**

The matter currently under consideration has its origins in the Industrial Accident Board ("IAB"). The underlying facts are not particularly relevant, but briefly stated they are that in December 2017, Ms. Smyre ("Claimant") was injured while working as a bus aide when the bus was struck from behind and she was tossed about. The Respondent is the State, representing the employing bus company ("Employer").

Pursuant to an agreement by the parties, Claimant began receiving total disability (wage) benefits in April 2018. She also began treatments for her back and neck pain, resulting finally in a surgical procedure on her neck in March 2019. Claimant filed a "Motion to Determine Additional Compensation Due," seeking compensation for her medical treatment. The Employer, in turn, filed a motion to terminate the disability benefits she was already receiving, arguing that she was able to work and resisting Claimant's argument that the back pain and neck surgery were a result of her work related injuries.

On September 9, 2019, the Board issued its decision siding for the most part with Claimant, rejecting the Employer's motion to terminate benefits and finding that the medical expenses for her neck surgery had been causally related to the bus incident. In one relatively small respect, the Board held that it would award "only

1

conservative treatment for the lumbar spine sprain and strain up until March 2018 (including the EMG of the lower extremities.)"[1]

Then on September 19, 2019 Claimant filed a pleading before the Board captioned "Motion to Clarify" the Board's September 9 decision. The motion sought "clarification as to whether she will be permitted to file a Petition for lumbar spine expenses, to the extent she may have objective evidence of a lumbar injury in the future."[2]

On October 8, 2019, before the "motion to clarify" had been clarified, Claimant filed an appeal to this Court of the Board's September 9 ruling, which by any objective measure, was mostly in her favor.[3]

Finally, on November 4, 2019, the Board issued its "clarification" in which it said, essentially, that its original ruling was clear enough.[4]

## ISSUE

The Employer has moved to dismiss the appeal as untimely. Employer argues that the "motion to clarify" effectively stayed the final order of the Board and thus the Board's Order of September 9, 2019 was not yet final making the October Notice of Appeal in this Court interlocutory. Employer argues that the Board's Order did

---

[1] D.I. 1, Ex. A (Decision of the IAB) page 20.
[2] D.I. 11, Ex. B ("Claimant's Motion to Clarify The Industrial Accident Board's Order of September 9, 2019") (emphasis added).
[3] D.I. 1 (Notice of Appeal).
[4] D.I. 11, Ex. C (Board decision denying Motion for Clarification).

not become final until the Board ruled on the Claimant's "Motion to Clarify" in November. And since it is now too late to appeal that later ruling, Claimant is out of Court. So the question becomes what are we to make of this rather odd beast that Claimant has visited upon this docket, and did it have the rather profound effect that the Employer attaches to it.

## DISCUSSION

To begin with, the Employer is correct that "the timely filing of a motion for reargument suspends the finality of a judgment."[5] This is as true for cases under the Delaware Rules of Civil Procedure as it is for cases under the rules of the IAB.[6]

The motion filed in this case was called a "motion for clarification" but the Employer says it was in fact no such thing, it was a motion to reargue an issue that had been litigated and decided in favor of the Employer. This is a significant point because a motion that is the functional equivalent of a motion for reargument cannot escape the tolling of the finality rule by simply calling it something different.[7]

---

[5] *Family Court of Delaware v. Reeves*, 1997 WL 819137 *2 (Del. Super. Nov. 21, 1997) and cases cited therein.

[6] *Compare Katcher v. Martin*, 597 A.2d 352 (Del. 1991) (filing of motion for reargument tolls finality of judgment) *with* IAB Rule 21(c) (period for filing an appeal is tolled when a post hearing motion "requests additional testimony or argument").

[7] The quandary faced by the practitioner is not lost on the Court. If the September 9, 2019 Order of the IAB is final, the litigant had better get her appeal filed within 30 days. If the Motion to Clarify tolls the finality of the September 9 Order, then the appeal must be filed before December 4, 30 days after the ruling on the motion

3

A motion to clarify is not a motion recognized in our civil or criminal procedural rules, nor is it specifically mentioned in the rules of the IAB. In the Chancery Court, "A motion for clarification may be granted where the meaning of what the Court has written is unclear, and such a motion is treated, procedurally, as a motion for reargument under Court of Chancery Rule 59(f)."[8] Indeed, a few Superior Court opinions have recognized the Chancery Court's interpretation and adopted it in those cases.[9] But treating a motion to clarify as if it is a motion for reargument under Rule 59(e) for purposes of review does not answer the question whether motions to clarify toll the timing of a final order for appeal purposes.

We know this is so because the Supreme Court has dealt with the question whether a motion for clarification tolls the appeal period in two cases out of Family Court. In *Woods v. Woods,* the Family Court issued an Order regarding property division and attorney fees. Husband did not appeal that Order, but one week after

---

to clarify. But if you guess wrong as to which is the "final" order, you do so at your peril because your appeal is either interlocutory (too soon) or summarily dismissed (too late).

[8] *CSH Theatres, L.L.C. v. Nederlander of San Francisco Associates,* 2018 WL 4258811, at *1 (Del.Ch. Sept. 05, 2018) citing *Naughty Monkey LLC v. MarineMax Ne. LLC,* 2011 WL 684626, at *1 (Del. Ch. Feb. 17, 2011).

[9] *See, e.g., HLTH Healthcorp v. Axis Reinsurance Co.,* 2009 WL 3326428 (Del. Super. Sept. 30, 2009); *New Castle County v. Pike Creek Recreational Services, LLC*, 2013 WL 6904387 (Del Super. Dec. 30, 2013) at *2.

the ruling he did move for clarification as to one sentence of the Court's Order. Wife argued that no clarification was necessary because the Order was clear as written. The Court signed wife's form of Order in opposition to the motion, effectively denying husband's motion for clarification. The Supreme Court decided that the time for appeal began with the initial property division order. Husband's appeal, coming after denial of the clarification motion, was untimely.[10] The Court said "The Husband's Motion for Clarification did not take issue with any substantive aspect of the Family Court's Property Division Order but merely sought to correct an error that, upon reading the clearly expressed intent of the Property Division Order as a whole, was an obvious typographical error. The Clarification Order did not replace, or substitute for, the Property Division Order in any way."[11]

The Supreme Court had another Family Court motion to clarify/tolling issue before it in *Macintosh v. Macintosh.*[12] Husband did not appeal the initial order on property division and alimony. Wife sought a minor correction in the alimony figure to conform to the Court's findings, styling her request a motion for clarification. Husband appealed the Order as "clarified" by the Family Court.

The Supreme Court said "A motion for clarification typically does not toll the time period for filing an appeal. If the motion is substantive, however, it is treated

---

[10]*Woods v. Woods*, 2016 WL 4427198 (Del. Aug. 19, 2016).
[11] *Id.* at *2.
[12] 2018 WL 1747798 (Del. Apr. 11, 2018).

as a motion for reargument and the time for filing an appeal is tolled."[13] Examining the wife's post trial motion for clarification, the Court noted that she sought (and got) the trial Court's revision of the amount owed in alimony to conform to the Court's own findings. The Court held that this was a substantive revision and wife's motion should therefore be treated as one for reargument. Because the clarification motion tolled the finality of the Order, Husband's appeal of the amended Order was deemed timely.

Thus, it is clear that we cannot simply treat all motions for clarification as motions for reargument that automatically toll the time for appeal. Rather, we must examine the request and determine whether it seeks to amend or alter the ruling of the tribunal. If it is "substantive," it is in the nature of a reargument motion and it tolls the period for filing an appeal.

This motion for clarification was succinct. It sought "clarification" as follows:

> "The Board opined that Claimant's lumbar injury was a strain and sprain, and treatment was awarded through March of 2018, due in part to the absence of any diagnostic tests. It is claimant's belief that she may likely have future medical care regarding her lumbar spine. Claimant asks the Board for clarification as to whether she *will be permitted* to file a Petition for lumbar spine expenses, to the extent she may have objective evidence of a lumbar injury *in the future*."[14]

---

[13] *Id.* at *3.
[14] D.I. 11, Ex. B. (Claimant's Motion to Clarify) (emphasis added).

In denying the motion for clarification, the Board could well have rejected the question as speculative, as it seeks permission to file some future claim based on some future evidence. One would think that if she did so and the claim were not well taken, she would find out in short order after filing it in the future. Asking a tribunal for an Opinion about what it may do in the future borders on the impertinent.

The Employer took Claimant's motion as an effort to re-litigate or undermine the Board's findings that Claimant's back issues resolved within months of the accident and medical expenses for her back (as opposed to her neck) after March of 2018 were not recoverable. It is understandable that the Employer would feel a bit defensive about this position as it was apparently the only one on which the Employer prevailed before the Board. But the words of the motion say what they say; they do not ask the Board to reconsider its findings that the Claimant's back issues were not proven up. The motion did not take issue with any finding by the Board, including its finding that the Claimant's back issues had resolved, but instead asked the Board to render an advisory opinion on what it will do at some point in the future based on evidence that was not tendered to the Board.

All in all, the motion for clarification was probably better left unfiled. Even if the Board had expressed an opinion (other than "No,") there is a fair argument that it would not have affected the decision it made in September 2019, which did not

7

deal with some future claim at all. The Board decided its ruling did not need clarification, refused to clarify it, and denied the motion.

Therefore, the Court concludes that September 9, 2019 Opinion of the Board commenced the time within which to file this appeal and the time was not tolled in this case by this motion for clarification as it did not seek to change any of the substance of the Board's ruling.

## CONCLUSION

Based on the considerations above, Employer's motion to dismiss the appeal is **DENIED**. A revised briefing schedule will issue shortly.

**IT IS SO ORDERED**.

Judge Charles E. Butler

8