IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| BARRY BINKLEY, | § | |
| | § | |
| Defendant Below, | § | No. 322, 2021 |
| Appellant, | § | |
| | § | Court Below: Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1911003426 (N) |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |
| | § | |

Submitted: January 12, 2022
Decided: January 31, 2022

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## <u>ORDER</u>

After consideration of the notice to show cause and the responses, it appears to the Court that:

(1)     On October 13, 2021, the appellant, Barry Binkley, filed a *pro se* direct appeal from his September 10, 2021, sentencing.  Binkley's trial counsel had filed in the Superior Court a motion and amended motion for a new trial on September 16 and 28, 2021, respectively, and had filed a motion for correction of sentence on October 27, 2021.  Binkley's counsel later moved to withdraw.  The Superior Court granted the motion to withdraw, to which Binkley did not file a response, on

December 1, 2021. The Superior Court also denied the other pending motions without prejudice.

(2) On November 3, 2021, the Senior Court Clerk of this Court issued a notice directing Binkley to show cause why this appeal should not be dismissed as untimely filed under Supreme Court Rule 6. At the time, Binkley was still represented by counsel in the Superior Court, and the Senior Court Clerk sent the notice to show cause to both Binkley and his counsel. Recognizing that the motion for a new trial was pending in the Superior Court, the notice to show cause cited *Katcher v. Martin*,[1] in which this Court held that the filing of a timely motion for a new trial in a criminal proceeding does not suspend the finality of a conviction or toll the time for filing a direct appeal. Binkley filed a *pro se* response, in which he stated that his counsel had not communicated with him since the sentencing on September 10, 2021, despite attempts by Binkley and his family to contact counsel. He stated that he did not know that counsel had filed the motions for new trial and correction of sentence and that, not having heard from counsel, he submitted the *pro se* notice of appeal in order to preserve his appellate rights. He also argued that his appeal should be deemed timely under the prison mailbox rule.[2]

---

[1] 597 A.2d 352, 353 n.1 (Del. 1991).
[2] Although this Court has not adopted the prison mailbox rule, we note that Binkley's notice of appeal was postmarked October 7, 2021.

2

(3)     The Senior Court Clerk then asked counsel to respond by December 20, 2021, and also to address whether counsel had a continuing obligation under Supreme Court Rule 26 and why counsel did not docket an appeal under Rule 26(a)(ii).  Counsel filed an untimely response on December 28, 2021.  Counsel's response did not explicitly address the timeliness issue, counsel's continuing obligation to docket a timely direct appeal, or *Katcher*.  Counsel also did not respond to Binkley's assertion that counsel did not communicate with him during the thirty-day period following Binkley's sentencing.

(4)     The Senior Court Clerk then directed the State to respond.  Citing *Katcher* and this Court's rejection of the prison mailbox rule, the State contends that the appeal should be dismissed as untimely.

(5)     A notice of appeal must be timely filed to invoke the Court's appellate jurisdiction.[3]  A notice of appeal must be received by the Court within the applicable time period to be effective.[4]  Delaware has not adopted a rule similar to the federal prison mailbox rule, which deems a notice of appeal as filed at the time it is delivered to prison authorities for mailing.[5]  In this case, a timely notice of appeal should have been filed by October 11, 2021.[6]  As this Court stated in *Katcher*, "[t]he filing of [a]

---

[3] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).
[4] DEL. SUPR. CT. R. 10(a).
[5] *Schafferman v. State*, 2016 WL 5929953 (Del. Oct. 11, 2016).
[6] DEL. SUPR. CT. R. 6, 11.

3

timely motion for a new trial in a criminal proceeding does not suspend the finality of a conviction and, thus, does not toll the time for filing a direct appeal in a criminal case. This Court's rules require a notice of appeal to be filed within 30 days after a sentence is imposed in a direct appeal of a criminal conviction, even though a timely motion for a new trial remains undecided."[7] In certain limited circumstances, this Court has remanded untimely direct appeals for reimposition of sentence "when defense counsel did not dispute the defendant's allegation of attorney error or the State otherwise did not object to a remand."[8] Here, counsel did not directly respond to the allegations of attorney error and the State contends that the appeal should be dismissed. Nevertheless, we conclude that, in the interest of justice, the matter should be remanded to the Superior Court. Upon remand, the Superior Court shall vacate the September 10, 2021, sentence and resentence Binkley.

NOW, THEREFORE, IT IS ORDERED, that the matter is REMANDED to the Superior Court for further action in accordance with this order. Jurisdiction is not retained.

BY THE COURT:

/s/ Collins J. Seitz, Jr.
Chief Justice

---

[7] *Katcher*, 597 A.2d at 353 n.1 (cleaned up).
[8] *Amaro v. State*, 2019 WL 3714797 (Del. June 11, 2015).

4